JAMES HUFFSTETTER, ET AL., *v.* STANLEY MOORE, ET AL.

**Decedents' Estates—Claim—Married Women.**

Where a claim of a married woman has been allowed by the administrator and not questioned either by him or the heirs in a proceeding to sell real estate to pay debts to which they were parties, they will not be allowed in a petition for a settlement of the estate to question its validity.

**Married Women.**

While a married woman may plead coverture in her own behalf, such disability cannot avail her adversaries who were themselves under no disability.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 8, 1875.

OPINION BY JUDGE COFER:

The administrator of David Huffstetter set up in the award in

favor of Mrs. Crouch a debt against the estate of his intestate, and thereby ratified and made it valid so far as he could do so; and he made the heirs and distributees parties, and put it in their power to impeach the award if they chose to do so; but they have failed to interpose any available objections to it, if any exist.

In the petition for a settlement of the estate, the administrator recognized the award as valid, and sought to sell real estate to pay the debts of his intestate, including this, and thereby put the claim of Mrs. Crouch in suit, which suspended the statute of limitations as effectually as if she had sued on it herself. The other heirs (the administrator being one), stood silently by without objecting to the award until the statute had barred the original cause of action, and then for the first time signified their objection. If they had attacked the award by their answers, filed within a reasonable time after it was set up by the administrator, Mrs. Crouch might have resorted to her original cause of action; but having failed to do so until her right of action is gone, it would be a fraud upon her now to attack the award, and thus prevent even an inquiry into the justice of her original claim.

That she was a *feme covert* might have enabled her to avoid the award if she had elected to do so; but her disability cannot avail her adversaries, who were themselves under no disability.

The award precludes all inquiry into the original cause of action. Judgment *affirmed.*

*Thomas Kennedy, W. Newell, for appellants.*
*Thomas F. Hargis, for appellees.*